**Hearing Date: August 1, 2013 at 9:45 a.m.**
                                                **Objection Deadline: July 25, 2013 at 5:00 p.m.**

ALSTON & BIRD LLP
Jason H. Watson
David A. Wender (*pro hac vice*)
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
(404) 881-7000
    -and-
John P. Doherty
John W. Spears
90 Park Avenue
New York, New York 10016
(212) 210-9400

*Counsel for the 172 Madison (NY) LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                              :     Chapter 11
                                                :
NMP-GROUP, LLC,                                     :     Case No. 13-12269-REG
                                                :
                   Debtor.                         :
-------------------------------------------------------------x

**NOTICE OF 172 MADISON (NY) LLC'S MOTION TO DETERMINE
THAT THE DEBTOR IS A SINGLE ASSET REAL ESTATE DEBTOR**

     **PLEASE TAKE NOTICE**, that a hearing will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, on **August 1, 2013 at 9:45 a.m. Eastern Time** in Room 523 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Alexander Hamilton Custom House, New York, New York 10004, or soon thereafter as counsel can be heard, to consider 172 Madison (NY) LLC's Motion to Determine that the Debtor is a Single Asset Real Estate Debtor (the "Motion").

     **PLEASE TAKE FURTHER NOTICE** that any responses or objections to the relief requested in the Motion shall: (a) be in writing; (b) conform to the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), all General Orders, Local Bankruptcy Rules; (c) be filed electronically with the Court, with a hard copy provided to the Clerk's Office at the Bankruptcy Court for delivery to the Chambers of the Honorable Robert E. Gerber; and (d) be served so as to be actually received by **July 25, 2013 at 5:00 p.m. Eastern Time**, by (i) Alston & Bird LLP, counsel for the 172 Madison (NY) LLC, 90 Park Avenue, New York, New York 10016 (Attn: John P. Doherty, Esq. and John W. Spears, Esq.) and Alston & Bird LLP, One Atlantic Center, 1201 West Peachtree Street, Atlanta, Georgia, 30309 (Attn: Jason H. Watson and David A. Wender); (ii) Cole, Schotz, Meisel, Forman &Leonard PA, counsel for the Debtors, 25 Main Street, Hackensack, New Jersey 07601, (Attn: Ilana Volkov Esq.); (iii) Silverman Acampora, LLP, counsel for Marianne T. O'Toole, Trustee, 100 Jericho Quadrangle, Suite 300, Jericho, NY 11753 (Attn.: Jay S. Hellman) and (iv) Office of the United States Trustee, 33 Whitehall Street, 21st Floor, New York, New York 10004.

Date: July 15, 2013                                            ALSTON & BIRD LLP

                                                By:  /s/ Jason H. Watson
                                                Jason H. Watson
                                                David A. Wender
                                                One Atlantic Center
                                                1201 West Peachtree Street
                                                Atlanta, GA 30309-3424
                                                (404) 881-7000
                                                      -and-
                                                John P. Doherty
                                                John W. Spears
                                                90 Park Avenue
                                                New York, New York 10016
                                                (212) 210-9400

                                                *Counsel for the 172 Madison (NY) LLC*

ALSTON & BIRD LLP
Jason H. Watson
David A. Wender
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
(404) 881-7000
  -and-
John P. Doherty
John W. Spears
90 Park Avenue
New York, New York 10016
(212) 210-9400

*Counsel for 172 Madison (NY) LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re:               :   Chapter 11
                :
NMP-GROUP, LLC,        :   Case No. 13-12269-REG
                :
      Debtor.       :
---------------------------------------------------------------x

## 172 MADISON (NY) LLC'S MOTION TO DETERMINE THAT THE DEBTOR IS A SINGLE ASSET REAL ESTATE DEBTOR

   172 Madison (NY) LLC ("172 Madison") hereby moves the Court to determine that NMP-Group, LLC ("NMP" or the "Debtor") is a "single asset real estate" ("SARE") debtor within the meaning of Section 101(51B) of Title 11 of the United States Code (the "Bankruptcy Code") for all purposes, including without limitation for the purposes of Section 362(d)(3) of the Bankruptcy Code. In support of this motion, 172 Madison respectfully submits the following:

### Background

   1.  On or about November 6, 2007, UBS Real Estate Securities Inc. ("UBS") entered into a Loan Agreement (as amended, the "Loan Agreement") with NMP. Pursuant to the Loan Agreement, UBS loaned NMP twenty-nine million dollars ($29,000,000). This loan is evidenced

by a Promissory Note (the "Note") dated as of November 6, 2007. All of NMP's obligations under the Loan Agreement and the Note are secured by a Mortgage, Security Agreement, Assignment of Rents and Fixture Filing (the "Mortgage") dated as of November 6, 2007. The Mortgage granted UBS a security interest in, among other things, the real property located at 21 East 33rd Street, 172 Madison Avenue, and 176 Madison Avenue, New York, New York (the "Real Estate") and all related estates, development rights, improvements, easements, equipment, fixtures, personal property, leases, rents, and other rights (as more fully described in the Mortgage). In connection with the Loan Agreement, NMP also executed an Assignment of Leases and Rents (the "Assignment") on or about November 6, 2007. *See Garrison Comm. Funding IV REO LLC v. NMP-Group LLC*, Index No. 650087/2010, pp. 1-3 (N.Y. Sup. Feb. 17, 2011) ("Judgment No. 1").[1]

2. On or about April 2, 2009, UBS assigned all of its rights under the Loan Agreement, the Note, the Mortgage, and the Assignment (collectively, with all related documents, the "Loan Documents") to StabFund (USA) Inc. ("StabFund"). *See id.*

3. The Note matured on November 9, 2009, and all of the outstanding principal and interest under the Note became due and payable. NMP defaulted under the Loan Documents by failing to pay all of the outstanding principal and interest due on that date.

4. On or about February 5, 2010, StabFund filed a foreclosure complaint against NMP and certain other defendants with the Supreme Court for New York County (the "State Court") in an action entitled *Stabfund (USA) Inc. v. NMP-Group LLC, et al.*, Index No. 650087/2010 (N.Y. Sup.).

5. On or about April 8, 2010, StabFund assigned all of its rights under the Loan Documents to Garrison Commercial Funding IV REO LLC ("Garrison").

---

[1] A copy of Judgment No. 1 is submitted as Exhibit A.

- 2 -

6. On or about February 17, 2011, the State Court granted Garrison summary judgment of foreclosure against NMP (*see* Judgment No. 1), and on September 23, 2011, the State Court granted Garrison summary judgment of foreclosure against the remaining defendants.[2]

7. On or about August 17, 2011, Garrison assigned all of its rights under the Loan Documents to 172 Madison.

8. On June 7, 2013, the State Court issued a *Judgment of Foreclosure and Sale* (the "Sale Judgment") ordering, among other things, the sale of the Real Estate at a public auction.[3]

9. The auction pursuant to the Sale Judgment was scheduled to be held on July 10, 2013.

10. On July 10, 2013 (the "Petition Date"), NMP filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Petition"). NMP failed to indicate that it is a SARE debtor on its Petition.

11. Along with its Petition, NMP filed the *Declaration Pursuant to Local Rule 1007-2* (Docket No. 2; the "Dubrovsky Declaration"). According to the Dubrovsky Declaration, "[t]he Debtor was formed to acquire, own, improve, manage and operate the real property known as 172-179 Madison Avenue (a/k/a 21 East 33rd Street) New York, New York (the 'Property')." (Dubrovsky Decl. ¶ 3.) The only asset held by NMP that is specifically identified in the Dubrovsky Declaration is the Real Estate.[4] (*Id.* ¶ 9.)

12. NMP has not yet filed its schedules or statement of financial affairs.

13. As of the Petition Date, the total amount owed to 172 Madison by the Debtor

---

[2] A copy of this September 23rd summary judgment is submitted as Exhibit B.
[3] A copy of the Sale Judgment is submitted as Exhibit C.
[4] Unspecified "contingent, unliquidated claims for the recovery of money" are also listed as assets of NMP in paragraph 9 of the Dubrovsky Declaration. However, no further information about these alleged claims has been provided.

- 3 -

LEGAL02/34266207v3

under the Loan Documents was approximately $51,878,784.74, consisting of unpaid principal, interest, default interest, taxes, attorneys' fees, costs, expenses, and other amounts due and payable pursuant to the terms of the Loan Documents.

### Motion to Determine that the Debtor is a SARE Debtor

14. The Bankruptcy Code defines SARE as follows:

> real property constituting a single property or project, other than residential real property with fewer than 4 residential units, which generates substantially all of the gross income of a debtor who is not a family farmer and on which no substantial business is being conducted by a debtor other than the business of operating the real property and activities incidental thereto.

11 U.S.C. § 101(51B).

15. Thus, if the following three elements are met, a debtor will be considered a SARE debtor: (1) the debtor owns a single parcel of real estate (other than a residential property consisting of four or fewer residential units) (2) that generates substantially all of the debtor's income and (3) on which no substantial business is being conducted other than operating the property and incidental activities. *See id.*; *In re Village Walk, LLC*, No. 07-32930 (LMW), 2008 WL 2477601, at *3 (Bankr. D. Conn. May 29, 2008); *Kara Homes Inc. v. Nat'l City Bank (In re Kara Homes, Inc.)*, 363 B.R. 399, 404 (Bankr. D.N.J. 2007).

16. Each of these three elements is present here, and, thus, the Debtor should be considered a SARE for all purposes.

17. First, the Real Estate is composed of three adjoining parcels of real property and is not a residential property consisting of four or fewer residential units. The property is currently undeveloped, but it "is intended for the development of a mixed-use building for retail and condominiums." (Dubrovsky Decl. ¶ 3.) Although the Real Estate is technically composed of three parcels, these three parcels will be united in a single project (*i.e.*, "development of a

mixed-use building"). In fact, in its Sale Judgment, the State Court decreed that the Real Estate be sold "in one parcel." (*See* Sale Judgment at 5.) This satisfies the first element of the SARE test. *See In re JJMM Int'l Corp.*, 467 B.R. 275, 278 (Bankr. E.D.N.Y. 2012) (holding that "the question is whether the debtor treats its property as a single project or property by virtue of a common plan or purpose"). Accordingly, the Real Estate is "a single property or project, other than residential real property with fewer than 4 residential units" within the meaning of section 101(51B) of the Bankruptcy Code, and the first element of the SARE test is present here.

18.     Second, the Debtor does not appear to be generating any income at this time, and the Real Estate is raw, undeveloped real property. This is sufficient to satisfy the requirement that the Real Estate generate substantially all of the Debtor's gross income. Cases considering these circumstances nearly uniformly hold that a debtor who owns a single piece of raw land that is not currently generating income can be a SARE debtor. *See In re Village Walk*, 2008 WL 2477601, at *3 n.8 (finding the second element satisfied and noting that "the Property generates substantially all of the income of the Debtor (although at present, the Property generates no income . . .)."); *In re Pensignorkay, Inc.*, 204 B.R. 676, 682 (Bankr. E.D. Pa. 1997) ("[T]he fact that the real property is currently undeveloped and not generating any income for the Debtor is of little consequence for purposes of the inquiry here, since the Court is satisfied that Congress did not intend to excuse from compliance with the revised statute the class of debtors who hold undeveloped tracts of land for future development."); *In re Oceanside Mission Assocs.*, 192 B.R. 232, 236 (Bankr. S.D. Cal. 1996) (concluding that "'single asset real estate' includes undeveloped real property which generates no income"); *see also In re Golf Club Partners, L.P.*, No. 07-40096, 2007 WL 1176010, at *5 (E.D. Tex. Feb. 15, 2007) (finding that the debtor, an operating golf course, was not a SARE debtor but noting that "it is irrelevant whether, prior to

LEGAL02/34266207v3

the Petition Date, the Debtor has had net income or losses . . ."); Hon. Roger M. Whelan & William W. Senft, *The Legislative Response to Single Asset Real Estate Bankruptcies: Critical Analysis and Some Suggestions*, 1 AM. BANKR. INST. L. REV. 157, 161 (1993) ("When the single asset real estate is raw land, property with a vacant commercial development, or property on which there is construction in progress, the debtor frequently lacks both the desire and ability to pay interest.  To be sure, the Debtor has no income. . . .  Proposed section 362(d)(3) seeks to ameliorate this situation by requiring the single asset real estate debtor to submit a reasonable plan within ninety days, and conditioning further delay on the payment of interest.").  Thus, the second element of the SARE test is satisfied here.

19.     Third and finally, the Debtor has no business apart from the Real Estate, and no other business is currently operating at the Real Estate.  Indeed, "[t]he Debtor was formed to acquire, own, improve, manage and operate the real property known as 172-179 Madison Avenue (a/k/a 21 East 33rd Street) New York, New York (the 'Property')," *i.e.* the Real Estate. (Dubrovsky Decl. ¶ 3.)  Moreover, all of the unsecured creditors listed on the Debtor's Petition appear to be professionals or construction-related service providers.  (*See* Petition at 4-5.)  Thus, the third element of the SARE test is present here.

20.     Since all three elements of the SARE test are present here, the Debtor is a SARE debtor.

LEGAL02/34266207v3

**WHEREFORE**, 172 Madison respectfully requests that the Court (a) enter an order substantially in the form submitted herewith as Exhibit D determining that the Debtor is a SARE for all purposes and (b) grant such other relief as it deems warranted under the circumstances.

Date: July 15, 2013

ALSTON & BIRD LLP

By: /s/ Jason H. Watson
Jason H. Watson
David A. Wender
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
(404) 881-7000
    -and-
John P. Doherty
John W. Spears
90 Park Avenue
New York, New York 10016
(212) 210-9400

*Counsel for 172 Madison (NY) LLC*