# EXHIBIT C

FILED: NEW YORK COUNTY CLERK 06/12/2013                    INDEX NO. 650087/2010

NYSCEF DOC. 13-12269-reg · Doc 13-3    Filed 07/15/13    Entered 07/15/13 18:08:19    Exhibit C
                                                                          RECEIVED NYSCEF: 06/12/2013
                                    Pg 2 of 9

SHIRLEY WERNER KORNREICH
                J.S.C.
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

E File

172 MADISON (NY) LLC,

                          Plaintiff,          Index No. 650087/2010 E

vs.

NMP GROUP, LLC, NATALIA PIROGOVA,             **JUDGMENT OF FORECLOSURE**
PERIMETER BRIDGE & SCAFFOLD CO.,              **AND SALE**
INC., GATEWAY DEMOLITION CORP.,
INC., HRH CONSTRUCTION LLC, YATES
RESTORATION GROUP, LTD., CRIMINAL
COURT OF THE CITY OF NEW YORK &
NEW YORK CITY ENVIRONMENTAL
CONTROL BOARD,

                          Defendants.

Upon the Summons, Verified Complaint, Notice of Pendency of Action filed on February

4, 2010, and all papers filed in connection with Motion Sequence Nos. 003 (Motion for Partial

Summary Judgment) and 008 (Renewed Motion for Partial Summary Judgment);

Upon the affidavits of service previously filed in the New York County Clerk's Office;

Upon the Notice of Motion to Confirm Referee's Report and for Judgment of Foreclosure

and Sale;

Upon the Affirmation of Regularity of John P. Doherty, dated May 8, 2013, and the

exhibits attached thereto;

Upon the Order of this Court, dated January 3, 2012, which ordered the appointment of a

Referee to compute the amounts due and owing to Plaintiff following entry of an order of

summary judgment in favor of Plaintiff and against Defendants for the relief set forth in

Plaintiff's Verified Complaint;

Upon the Referee's Report of Amount Due of Suzanne M. Berger, Esq., dated May 7, 2013, determining that as of September 28, 2012, the sum of $47,687,293.89, plus per diem interest, default interest, and service fees commencing on September 29, 2012, and inclusive of attorneys' fees, is due and owing to Plaintiff under the applicable loan documents as set forth in the Verified Complaint, including the Loan Agreement, the Amendments thereto, and Mortgage, and that the mortgaged premises should be sold in one parcel; and

Upon all prior proceedings herein;

it is hereby ORDERED, ADJUDGED and DECREED, that Plaintiff's Motion for a Judgment of Foreclosure and Sale is granted, and it is further ORDERED, ADJUDGED AND DECREED that the Referee's Report of Amount Due of Suzanne M. Berger, Esq., dated May 7, 2013, is, in all respects, ratified and confirmed; and it is further

ORDERED, ADJUDGED and DECREED, that the property identified in Section 1.1 of the Mortgage and described in Exhibit A to the same, which Mortgage is annexed to the Verified Complaint in this action as Exhibit C (the "Premises"), be sold at public auction as provided by law, at _CO Centre Street, Room 130_, by and under the direction of _Suzanne Berger_, who is hereby appointed Referee for that purpose; that said Referee give public notice of the time and place of such sale in accordance with Real Property and Procedure Law Section 231 in the _New York Law Journal_; and it is further

ORDERED, ADJUDGED AND DECREED, that Plaintiff or its nominee or any other parties to this action may become the purchaser or purchasers at such sale; that in case Plaintiff or its nominee shall become the purchaser at the sale it shall not be required to make any deposits thereon; that the Referee execute to the purchaser or purchasers on such sale a deed of the premises sold; that the Referee on receiving the proceeds of such sale forthwith pay therefrom, in

2

accordance with their priority according to law, the taxes, assessments or water rates that are or

may become liens of the premises at the time of sale, together with such interest or penalties that

may have lawfully accrued thereon to the date of payment; that the Referee then deposit the

balance of the proceeds of sale in his/her name as Referee in the amount received at the sale, in

___Citibank___ (the "Depository"); and shall thereafter make the following payments,

and ~~his~~ her checks drawn for that purpose shall be paid by the Depository;

> FIRST: The ~~statutory~~ fees of said Referee, ~~not to exceed $500.00;~~ in the amount of $6,578.24;

> SECOND: The expense of the sale and the advertising expenses as shown on the bills

presented, and certified by said Referee to be correct, duplicate copies of which shall be left with

said Depository and filed with the clerk of this Court;

> THIRD: Said Referee shall also pay to Plaintiff or Plaintiff's attorney the costs and

disbursements in this action, as fixed by the Clerk of this Court in accordance with the applicable

Rules, with additional allowances of $150.00 and $300.00 hereby awarded to the Plaintiff under

the Civil Practice Law and Rules Sections 8302(b) and 8303(a)(1), with interest thereon from the

date hereof; and also the sum of $47,687,293.89, the amount so reported due and owing by

Referee in the May 7, 2013 Report of Amount Due to Plaintiff as of September 28, 2012, plus

the per diem interest as set forth in the Referee's Report (per diem interest in the amount of

$9,913.45, per diem default interest in the amount of $4,130.60, and a per diem service fee in the amount of $8.06) in the sum of $3,541,131.72 from September 29, 2012 through and including the date of this judgment ~~and~~ for a total of $51,228,425.61, with the statutory interest rate thereon from the date of ~~thereafter at the statutory interest rate thereon,~~ to the date of the sale directed herein or to the date judgment

of the delivery of the Referee's deed, whichever is later, or so much thereof as the purchase

money will pay of the same;

3

FOURTH: The Referee shall pay the expenses, if any, of maintaining and for the preservation of the property, as well as any incurred in security, and any other expenses, whether made before or after the entry of this judgment, not previously included in any computations, upon presentation to the Referee of the proper receipts; that in case Plaintiff be the purchaser of the Premises at that sale, or in the event that the rights of the purchaser at that sale and the terms of sale under this judgment shall be assigned to and be acquired by Plaintiff or its nominee, and a valid assignment thereof filed with the Referee, the Referee shall not require Plaintiff or its nominee to pay in cash the entire amount bid at the sale, but shall execute and deliver to Plaintiff or its nominee a deed or deeds of the premises sold upon the payment to the Referee of the amounts specified above in items marked "FIRST" and "SECOND" and the amounts of the aforesaid taxes, assessments and water rates, and interest or penalties thereon, or, in lieu of the payment of the last mentioned amounts, upon filing with the Referee receipts of the proper municipal authorities showing the payment thereof; that the balance of the amount bid, after deducting therefrom the aforesaid amounts paid by Plaintiff for Referee's fees, advertising expenses, and taxes, assessments, and water rates, shall be allowed to Plaintiff or its nominee and applied by the Referee upon the amounts due to Plaintiff as specified above in the item marked "THIRD"; that if after so applying the balance of the amount bid, there shall be a surplus over and above those amounts due to Plaintiff, Plaintiff or its nominee shall pay to the Referee, upon delivery to him of the Referee's deed, the amount of such surplus; that the Referee on receiving those amounts from Plaintiff shall forthwith pay therefrom the taxes, assessments, water rates, and interest or penalties thereon unless the same have already been paid, and shall then pay the surplus into the Court; and it is further

4

ORDERED, AJUDGED AND DECREED, that the Referee shall take the receipts of Plaintiff or its attorneys for the amounts paid as hereinbefore directed and file it with his report of sale; that the Referee shall pay into this Court the surplus moneys, if any, within five (5) days after the same shall be received and be ascertainable to the credit of this action, to be withdrawn only on the order of this Court; that said Referee make his report of such sale under oath showing the disposition of the proceeds of the sale and accompanied by the vouchers or the person to whom payments were made, and file it with the Clerk of the County of New York within thirty (30) days after completing the sale and executing the proper conveyance to the purchaser; and it is further

ORDERED, ADJUDGED AND DECREED, that the purchaser or purchasers at the sale be let into possession on production of the Referee's deed or deeds; and it is further

ORDERED, ADJUDGED AND DECREED, that each of the Defendants in this action and all persons claiming under them, or any or either of them, after the filing of such Notice of Pendency of this action, be and they are hereby forever barred and foreclosed of all right, claim, lien, title, interest, and equity of redemption of the Premises and each and every part thereof; and it is further

ORDERED, ADJUDGED AND DECREED, that the Premises be sold in one parcel in "as is" physical order and condition, subject to the following: any state of facts that an inspection of the Premises would disclose; any state of facts that an accurate survey of the Premises would show; sums, if any, of real estate taxes, and assessments, water, sewer, and vault charges, with interest and penalties, including lien and certificate sales for delinquent items, unless paid from the proceeds of the foreclosure sale; any covenants, reservations, restrictions, easements and public utility agreements of record, if any; any building and zoning ordinances of the

5

municipality in which the Premises is located and possible violations of same; all rights of tenants or persons in possession of the Premises other than tenants, if any, named as Defendants in this action; prior mortgage lien(s) of record, if any; any equity of redemption of the United States of America to redeem the Premises or any part thereof within one-hundred twenty (120) days from the date or sale.

Said real property commonly known as 21 East 33rd Street, 172 Madison Avenue, and 176 Madison Avenue, New York, New York (collectively, the "Mortgaged Premises"). A description of said Mortgaged Premises hereinbefore mentioned is annexed hereto as Schedule A and made a part hereof.

Dated: _____, 2013

ENTER:

SHIRLEY WERNER KORNREICH
The Honorable J.S.C.
J.S.C.

Norman Goldman
Clerk

**FILED**

JUN 12 2013

COUNTY CLERK'S OFFICE
NEW YORK

10 650087

6

see – Affirmation waiving costs and disbursements filed on 6/11/13, Document number 171. ng/np



# SCHEDULE A

## <u>EXHIBIT A</u>

### LEGAL DESCRIPTION

Lot 17:

ALL THAT CERTAIN PLOT, piece or parcel of land, situate, lying and being in the Borough of Manhattan, County. City and State of New York, bounded and described as follows:

BEGINNING at a point on the northerly line of 33rd Street, distant 95 feet westerly from the corner formed by the intersection of the westerly line of Madison Avenue with the northerly line of 33rd Street;

RUNNING THENCE westerly along the northerly line of 33rd Street, 25 feet;

THENCE northerly and parallel with Madison Avenue, 108 feet 8-3/4 inches;

THENCE easterly and parallel with 33rd Street, 25 feet;

THENCE southerly and parallel with Madison Avenue, 108 feet 8-3/4 inches to the point or place of BEGINNING.

*THIS PROPERTY IS OR WILL BE PRINCIPALLY IMPROVED BY Commercial Real Estate*

Lot 18:

ALL THAT CERTAIN PLOT, piece or parcel of land, situate, lying and being in the Borough of Manhattan, City, County and State of New York, bounded and described as follows:

BEGINNING at the corner formed by the intersection of the northerly side of East 33rd Street with the westerly side of Madison Avenue;

RUNNING THENCE northerly along the westerly side of Madison Avenue, 49 feet 4 1/2 inches;

THENCE westerly and parallel with East 33rd Street, 95 feet;

THENCE southerly and parallel with Madison Avenue, 49 feet 4 1/2 inches to the northerly side of East 33rd Street;

THENCE easterly along the northerly side of East 33rd Street, 95 feet to the point or place of BEGINNING.

*THIS PROPERTY IS OR WILL BE PRINCIPALLY IMPROVED BY Commercial Real Estate*

Lot 21:

ALL THAT CERTAIN PLOT, piece or parcel of land, situate, lying and being in the Borough of Manhattan, City, County and State of New York, bounded and described as follows:

BEGINNING at a point on the westerly side of Madison Avenue, distant 49 feet 4 1/2 inches northerly from the corner formed by the intersection of the westerly side of Madison Avenue with the northerly side of 33rd Street;

RUNNING THENCE northerly along the westerly side of Madison Avenue, 34 feet 8 inches;

THENCE westerly, parallel with 33rd Street, 95 feet;

THENCE southerly, parallel with Madison Avenue, 34 feet 8 inches; and

THENCE easterly and parallel with 33rd Street, 95 feet to the point or place of BEGINNING.

For Informational Purposes Only:
Section: 3          Block: 863          Lot: 17, 18 and 21
Property Address: 21 East 33rd Street, 172-174 Madison Avenue and 176 Madison Avenue,
          New York, NY

10500089.4

EXH. A-1

*THIS PROPERTY IS OR WILL BE PRINCIPALLY IMPROVED BY Commercial Real Estate*

7



Supreme Court of the State of New York
County of New York

Index Number 650087-2010E



172 Madison (NY) LLC
                                        Plaintiff,
                        v.

NMP Group, LLC, Natalia Pirogova, Perimeter Bridge
& Scaffold Co., Inc.,  Gateway Demolition Corp.,
HRH Construction LLC., Yates Restoration Group, LTD.,
Criminal Court of the City of New York & New York City
Environmental Control Board.
                                        Defendants,

---

Judgment of Foreclosure and Sale

---

Attorneys for

# ALSTON&BIRD LLP

**FILED**

90 Park Avenue
New York, New York 10016-1387
212-210-9400

JUN 12 2013
AT  11.35 P.M
N.Y., CO. CLK'S OFFICE

---

*Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.*

*Dated:*...........................................        Signature .....................................................................................................

                                        Print Signer's Name.............................................................................................

*Service of a copy of the within*                                                *is hereby admitted.*

*Dated:*

                                        *Attorney(s) for*

## PLEASE TAKE NOTICE

☐  *that the within is a (certified) true copy of a*
NOTICE OF   *entered in the office of the clerk of the within-named Court on*                    20
ENTRY

☐  *that an Order of which the within is a true copy will be presented for settlement to the*
NOTICE OF   *Hon.*                                  *, one of the judges of the within-named Court,*
SETTLEMENT  *at*
            *on*                        20            *, at*                    *M.*

*Dated:*

                                        # ALSTON&BIRD LLP

                        *Attorneys for*        Plaintiff

*To:*

                                        90 Park Avenue
                                        New York, New York 10016-1387
                                        212-210-9400

*Attorney(s) for*