TRACY HOPE DAVIS  
United States Trustee for Region 2  
U.S. Department of Justice  
Office of the United States Trustee  
U.S. Federal Office Building  
201 Varick Street, Room 1006  
New York, NY 10014  
(212) 510-0500  
By: Andrea B. Schwartz, Trial Attorney

Hearing Date and Time:  
September 10, 2013, at 9:45 a.m.

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
-------------------------------------------------------x  
                                         :  
In re                                 :        Chapter 11  
                                         :        Case No. 13-12269 (REG)  
NMP-GROUP, LLC,                  :  
                                         :  
                      Debtor.    :  
-------------------------------------------------------x

**UNITED STATES TRUSTEE'S OBJECTION TO  
DEBTOR'S MOTION FOR AN ORDER SCHEDULING A COMBINED  
HEARING ON THE ADEQUACY OF THE DISCLOSURE STATEMENT AND  
CONFIRMATION OF THE DEBTOR'S PLAN OF ORDERLY LIQUIDATION**

TO:    THE HONORABLE ROBERT E. GERBER,  
         UNITED STATES BANKRUPTCY JUDGE:

Tracy Hope Davis, the United States Trustee, respectfully submits this objection to the motion of NMP-Group, LLC (the "Debtor") for an order scheduling a combined hearing on the adequacy of the disclosure statement and confirmation of the Debtor's plan of orderly liquidation. (ECF No. 41).

### I. INTRODUCTION

The United States Trustee objects to the Motion because the relief sought is inconsistent with another provision of the Bankruptcy Code and is premature. A combined hearing on the adequacy of a disclosure statement and confirmation of a

plan is permissible in a small business or prepackaged bankruptcy case, but it is not appropriate here. The Debtor neither is a small business nor is this case "prepackaged" under General Order M-454. Thus, the combined hearing permitted under Section 105(d)(2) is unavailable because it is inconsistent with Section 1125 which requires approval of a disclosure statement before solicitation of a plan. Further, the Debtor has not demonstrated any emergent circumstances that warrant expedited action.

The Motion also is premature. At the Section 341(a) meeting, the Debtor, a single-member limited liability company, produced as its representative an individual, not the sole member, who had little or no knowledge about the Debtor's financial affairs.[1] The individual had no specific knowledge of the information in the petition, schedules or SOFA, each of which she signed under penalty of perjury. Although claiming to be the "Manager," the individual is not the Debtor's employee and does not receive compensation from the Debtor. Instead, she appeared simply to be a friend of the sole member, who was in Moscow at the time of the Section 341(a) meeting. Because the Debtor, or a person with knowledge of the Debtor's financial affairs, has been unable to be examined under oath and verify the accuracy of the information contained in seminal bankruptcy documents, the Debtor should not be permitted to schedule, on an expedited basis, a combined hearing on a disclosure statement and plan that may contain inaccurate or incomplete information, including the identity and universe of the Debtor's potential creditors.

---

[1] A transcript of the 341(a) Meeting has been ordered and relevant excerpts will be submitted to the Court once it has been received.

## II. FACTS

***A.  Background.***

1. On July 10, 2013, the Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code. (ECF No. 1).

2. Annexed to the petition is the Written Consent of Sole Member, which provides that the Debtor is a single-member limited liability company whose sole member is Natalia Pirogova. (ECF No. 1). By the Written Consent, Ms. Pirogova authorized Luiza Dubrovsky, "a manager of the company," among other things, to execute documents in this case on the Debtor's behalf. *Id.*

3. By Order dated August 1, 2013, the Court determined that the Debtor is a single-asset real estate debtor under Section 101(51). (ECF No. 27).

4. By Order dated August 2, 2013, the Court authorized the Debtor to retain Cole, Schotz, Meisel, Forman & Leonard P.A. as its counsel. (ECF No. 30).

5. No trustee or examiner has been appointed in this case.

6. The United States Trustee has not formed a creditors' committee due to lack of interest.

7. Since the Petition Date, the Debtor has continued to operate its business and manage its property as a debtor in possession under Sections 1107(a) and 1108 of the Bankruptcy Code.

***B.  The Section 341(a) Meeting.***

8. On August 14, 2013, the United States Trustee convened the Section 341(a) meeting. Ms. Dubrovsky, with counsel, appeared for the Debtor. Ms.

3

Pirogova did not attend, however, a Florida attorney appeared on her behalf. In addition, counsel for 172 Madison (NY), LLC, the largest secured creditor, attended.

9. Ms. Dubrovksy testified in words or substance that: (1) she is not the Debtor's "Managing Member," (2) she is not a member of the Debtor, (3) she is not the Debtor's employee and (4) she receives no compensation from the Debtor. Ms. Dubrovsky also testified in words or substance that she had no specific knowledge about the financial information contained in the petition, schedules and SOFA.

10. Upon hearing this testimony, the United States Trustee's counsel (the "UST Counsel") expressed concerns as to whether Ms. Dubrovsky was an appropriate debtor representative for the Section 341(a) meeting.

11. Because a creditor had appeared and Ms. Dubrovsky represented that she had shortened her vacation in Latvia to attend the meeting, the UST Counsel agreed to continue, with the understanding that she would not close the meeting until she was satisfied that all of her questions had been answered sufficiently.

12. On August 28, 2013, the UST Counsel sent a letter to the Debtor stating that the United States Trustee intended to examine Ms. Pirogova at a continued meeting to be held during the week of September 9 or 16, 2013. A copy of the letter is annexed as Exhibit A to the Declaration of Andrea B. Schwartz dated August 29, 2013. The UST Counsel also requested that the Debtor adjourn the Motion until after the continued meeting took place.

13. On August 29, 2013, Ms. Volkov sent an email response declining to consent to the adjournment. Ms. Volkov stated that there was no reason why the

4

meeting could not take place after the hearing, and noted that, "[t]he local rules do not even require the 341 meeting to take place before confirmation in a prepackaged plan case." *Id.* A copy of the email is annexed as Exhibit B to the Schwartz Declaration.

## OBJECTION

### A.   *The Relief Requested is Inconsistent with Section 1125 Because this is Not a Small Business or Prepackaged Case.*

Section 105(d)(2) permits the Court, unless inconsistent with another provision of the Bankruptcy Code, to issue an order providing that the hearing on approval of the disclosure statement be combined with the hearing on confirmation of the plan. 11 U.S.C. § 105(d)(2)(vi). An order combining the disclosure statement and confirmation hearing, however, is likely to be inconsistent with Section 1125 except in small business or prepackaged bankruptcy cases. *See* 2 Alan N. Resnick & Henry J. Sommer (eds.), *Collier on Bankruptcy* ¶ 105.08 (16th ed. 2013); *see also In re Amster Yard Assocs.*, 214 B.R. 122 (Bankr. S.D.N.Y. 1997) (if the case is not a small business case, then the court is not authorized to permit solicitation of votes prior to approval of a disclosure statement); General Order M-454 (permitting combined hearings in prepackaged cases).

Section 1125(f) permits the Court to conditionally approve a disclosure statement and conduct a combined hearing on the disclosure statement and confirmation in a small business case. 11 U.S.C. § 1125(f). The Debtor, however, is not a "small business debtor" under Section 101(51D). Thus, the Debtor cannot obtain a combined hearing under Section 1125(f).

5

General Order M-454 permits the Court to conduct a combined hearing in a prepackaged bankruptcy case. Gen. Order M-454 at X. Despite Debtor's counsel's apparent assertion that this case is prepackaged, the facts belie the claim. For many reasons, including that the Debtor did not solicit and obtain prepetition the requisite votes for confirmation, this case is not "prepackaged. Accordingly, a combined hearing is not available under General Order M-454. Thus, because Section 1125 requires approval of a disclosure statement before solicitation of a plan, the relief sought under Section 105(d)(2) is inconsistent with another provision of the Bankruptcy Code and should be denied.

### C.     *The Relief Sought is Premature Because the Debtor Has Failed, in Substance, to Appear at the Section 341(a) Meeting.*

Section 341(a) requires that the United States Trustee convene and preside at a meeting of creditors. 11 U.S.C. 341(a). Section 343 requires that the debtor appear and be examined under oath at the meeting. 11 U.S.C. § 343. Where the debtor is not an individual, the individuals in control of and most knowledgeable about the entity should appear for the examination. *See* 3 *Collier* at ¶ 343.02. If the debtor does not appear, the Court may dismiss the case. *See* 11 U.S.C. § 1112(b)(4)(G).

The relief sought is premature. Here, the Debtor, a single-member limited liability company, produced Ms. Dubrovsky as its representative at the Section 341(a) meeting. Ms. Dubrovsky is not the sole member and her testimony reflected that she had little or no knowledge of the Debtor's financial affairs. In fact, Ms.

6

Dubrovsky testified that she had no specific knowledge of the information in the petition, schedules or SOFA, each of which she signed under penalty of perjury.

Although claiming to be the Debtor's "Manager," Ms. Dubrovsky testified that she is not the Debtor's employee and does not receive compensation from the Debtor. Based upon the sum and substance of her testimony, it appeared that she merely is Ms. Pirogova's friend who was in Moscow when the Section 341(a) meeting occurred. Because the United States Trustee has been unable to examine the Debtor or a person with knowledge of the Debtor's financial affairs under oath the Debtor should not be permitted to schedule, on an expedited basis, a hearing on a disclosure statement or confirmation of a plan that may contain inaccurate or incomplete information, including the identity and universe of the Debtor's potential creditors.

## V. CONCLUSION

WHEREFORE, the United States Trustee respectfully requests that the Court: (i) sustain the Objection, (ii) deny the Motion and (iii) grant other just relief.

Dated:      New York, New York
            August 29, 2013            Respectfully submitted,

                                       TRACY HOPE DAVIS
                                       United States Trustee

                                       By    /s/ Andrea B. Schwartz
                                            Andrea B. Schwartz, Trial Attorney
                                            U.S. Department of Justice
                                            Office of the United States Trustee
                                            U.S. Federal Office Building
                                            201 Varick Street, Room 1006
                                            New York, NY 10014
                                            (212) 510-0500